254-09/JFK

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant and Third-Party Plaintiff
RIENZI & SONS, INC.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)
John F. Karpousis
Susan Lee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELLY M. LYONS,

     Plaintiff,

 -against-

RIENZI & SONS, INC.,

     Defendant.

RIENZI & SONS, INC.,

     Third-Party Plaintiff,

-against-

STATEN ISLAND YACHT SALES, INC.,
GENMAR YACHT GROUP LLC, f/d/b/a CARVER
BOAT CORPORATION LLC, MARQUIS YACHTS,
LLC, CARVER BOAT CORPORATION LLC,
DONALD L. BLOUNT & ASSOCIATES,
NUVOLARI-LENARD NAVAL DESIGN, and
DOES 1 through 5,

     Third-Party Defendants.

**09-cv-4253 (JBW) (JMA)**

**THIRD-PARTY COMPLAINT**

    Defendant and Third-Party Plaintiff RIENZI & SONS, INC. (hereinafter "Third-Party Plaintiff" or "RIENZI"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Third-Party Complaint against Third-Party Defendants STATEN ISLAND YACHT SALES, INC. (hereinafter "YACHT SALES"), GENMAR YACHT GROUP LLC, f/d/b/a CARVER BOAT

362142.1

CORPORATION LLC (hereinafter "GENMAR/CARVER"), MARQUIS YACHTS, LLC (hereinafter "MARQUIS"), CARVER BOAT CORPORATION LLC (hereinafter "CARVER"), DONALD L. BLOUNT & ASSOCIATES (hereinafter "DLB"), NUVOLARI-LENARD NAVAL DESIGN (hereinafter "NL DESIGN") and DOES 1 through 5 (hereinafter "DOES 1-5") (collectively hereinafter "Third-Party Defendants") alleges pursuant to Fed. R. Civ. P. 14(c) and upon information and belief as follows:

1.      This is an admiralty or maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure in that it involves a claim for maritime tort and products liability arising from the design, manufacture, marketing, distribution, sale and delivery of a recreational motor yacht, and thus falls under this Court's admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.

2.      This case also falls under this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as it relates to Plaintiff's original claim asserted in the captioned action and forms part of the same case or controversy under Article III of the United States Constitution.

**A.      The Parties**

3.      At all times material hereto, Third-Party Plaintiff RIENZI was and is a domestic corporation, with a place of business in Astoria, New York, and the owner of the recreational motor yacht "BRIANNA" (hereinafter "Yacht"), a 2006 built, 65-foot "Marquis Yacht", identified by Hull No. CDRV2046B606 and by U.S. Coast Guard Certificate of Documentation Official No. 1185930.

2

4.      At all times material hereto, Third-Party Defendant YACHT SALES was and is a domestic corporation, with a place of business at 222 Madison Avenue, Staten Island, New York, 10308, and engaged in the business of marketing, brokering, dealing, trading, selling, distributing and/or servicing recreational and luxury yachts, including under the trademarks "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.  YACHT SALES was and is an "authorized dealer" of Marquis Yachts and Carver Yachts in the State of New York.

5.      At all times material hereto, Third-Party Defendant GENMAR/CARVER, its agents, successors, predecessors, transferees or assigns, was and is a foreign company, with a place of business at 790 Markham Drive, Pulaski, Wisconsin, 54162, doing business in the State of New York, and engaged in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, trading and/or servicing of recreational yachts, including under the trademarks of "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.

6.      At all times material hereto, Third-Party Defendant MARQUIS, its agents, successors, predecessors, transferees or assigns, was and is a foreign company, with a place of business at 790 Markham Drive, Pulaski, Wisconsin, 54162, doing business in the State of New York, and engaged in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, trading and/or servicing of recreational yachts, including under the trademarks of "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.

7.      At all times material hereto, Third-Party Defendant CARVER, its agents, successors, predecessors, transferees or assigns,  was and is a foreign company, with a place of

3

business at 790 Markham Drive, Pulaski, Wisconsin, 54162, doing business in the State of New York, and engaged in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, trading and/or servicing of recreational yachts, including under the trademarks of "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.

8.      At all times material hereto, Third-Party Defendant DLB was and is a foreign company, with a place of business at 870 Greenbrier Circle, Chesapeake, Virginia, 23320, doing business in the State of New York, and engaged in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, trading and/or servicing of recreational yachts, including under the trademarks of "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.

9.      At all times material hereto, Third-Party Defendant NL DESIGN was and is a foreign company, with a place of business in Venice, Italy, doing business in the State of New York, and engaged in the business of designing, manufacturing, constructing, assembling, testing, marketing, selling, distributing, trading and/or servicing of recreational yachts, including under the trademarks of "Marquis Yachts" and "Carver Yachts", for purchase and use by the general public within the State of New York and elsewhere.

10.     Third-Party Plaintiff RIENZI is presently unaware of the true names and capacities, whether individual, corporate, associate or otherwise, of fictitiously named DOES 1-5, inclusive, but believes that each of the fictitiously named Third-Party Defendants is responsible, in whole or in part, for the damages alleged, or is a necessary party for the relief requested, and therefore sues said DOES 1-5 by such fictitious names.  Third-Party Plaintiff will

362142.1

amend this Third-Party Complaint to allege the true names and capacities of such DOES 1-5 when same has been ascertained.

**B.**     **Background**

11.     GENMAR/CARVER, MARQUIS, CARVER, DLB and NL DESIGN, either directly or through its agents, servants, employees, successors, predecessors, transferees or assigns, in part or in whole, developed, marketed, designed, manufactured, constructed, assembled, evaluated, tested, sold, distributed, and otherwise placed into the stream of commerce, the Vessel for purchase and use by the general public, including RIENZI, in the State of New York.

12.     YACHT SALES, either directly or through its agents, servants or employees, and in collaboration with or on behalf of GENMAR/CARVER, MARQUIS, CARVER, DLB and/or NL DESIGN, in connection with their aforesaid business activities, marketed, advertised, promoted, distributed, sold, and otherwise placed into the stream of commerce, the Vessel for purchase and use by the general public, including by RIENZI, in the State of New York.

13.     By a purchase agreement dated October 9, 2005, YACHT SALES, either directly or through its agents, servants or employees, and in collaboration with or on behalf of GENMAR/CARVER, MARQUIS, CARVER, DLB and/or NL DESIGN, in connection with their aforesaid business activities, agreed to and did sell the Vessel to RIENZI for use by the general public in the State of New York.

14.     YACHT SALES, either directly or through its agents, servants or employees, and in collaboration with or on behalf of GENMAR/CARVER, MARQUIS, CARVER, DLB and/or NL DESIGN, in connection with their aforesaid business activities, tendered delivery of the Vessel to RIENZI by water in the State of New York on or about May 25, 2006.

5

362142.1

15.   At all times material hereto, RIENZI exercised due diligence and due care to make the Vessel seaworthy and reasonably safe under the circumstances, and the Vessel was not modified or altered, except through ordinary wear and tear and/or routine maintenance, following the aforesaid sale and delivery.

C.   **The Complaint of Plaintiff KELLY M. LYONS**

16.   On or about October 2, 2009, Plaintiff KELLY M. LYONS (hereinafter "Plaintiff") commenced the instant action in the United States District Court for the Eastern District of New York, naming RIENZI as a Defendant.   A copy of Plaintiff's Complaint is annexed hereto as Exhibit 1.

17.   Plaintiff's Complaint essentially alleges that he was injured on or about August 31, 2008 while on board the Vessel.   (*See* Ex. 1).

18.   Plaintiff's alleged injury and Plaintiff's alleged damages resulting therefrom were not caused or contributed to, in whole or in part, by any fault, negligence or want of care or breach of any legal obligation (including any duty to provide a seaworthy vessel) on the part of RIENZI and were occasioned and incurred without the privity or knowledge of RIENZI.

19.   On or about November 4, 2009, RIENZI filed an Answer to Plaintiff's Complaint with affirmative defenses.   A copy of RIENZI's Answer is annexed hereto as Exhibit 2.

### COUNT ONE:
### STRICT PRODUCTS LIABILITY

20.   RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 18 with the same force and effect as if repeated herein in their entirety.

21.   If Plaintiff sustained any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint due to a condition of the Vessel, whether in the nature of a manufacturing flaw,

6

defective design or inadequate warning or instruction, which condition was a substantial factor in causing Plaintiff's alleged injury (all of which is expressly denied), said damages were a direct and proximate consequence of the acts and/or the omissions of Third-Party Defendants in connection with their aforesaid business activities, for which Third-Party Defendants are strictly liable in tort. (*See* Ex. 1).

## COUNT TWO:
## PRODUCTS LIABILITY NEGLIGENCE

22.     RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 20 with the same force and effect as if repeated herein in their entirety.

23.     Third-Party Defendants had a duty to consumers and users of the Vessel, including Plaintiff and RIENZI, to exercise due care in connection with their aforesaid business activities so as to prevent the reasonable risk of any foreseeable injury which could result from their use.

24.     If Plaintiff sustained any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint due to any negligent conduct with respect to the condition of the Vessel (all of which is expressly denied), said damages were a direct and proximate consequence of the acts and/or the omissions of Third-Party Defendants in connection with their aforesaid business activities, for which Third-Party Defendants are liable in tort. (*See* Ex. 1).

## COUNT THREE:
## BREACH OF EXPRESS WARRANTY

25.     RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 23 with the same force and effect as if repeated herein in their entirety.

362142.1

26.     Third-Party Defendants, in connection with their aforesaid business activities, warranted and represented expressly and implied that the Vessel was fit, capable and suitable for the uses and purposes intended and that same was of merchantable quality and was otherwise seaworthy, safe and not dangerous.

27.     RIENZI reasonably relied upon the skill and judgment of the Third-Party Defendants and the aforesaid representations and warranties.

28.     If Plaintiff sustained any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint due to a breach of any of the aforesaid express representations or warranties (all of which is expressly denied), said damages were a direct and proximate consequence of the acts and/or the omissions of Third-Party Defendants in connection with their aforesaid business activities, for which Third-Party Defendants are liable.  (*See* Ex. 1).

## COUNT FOUR:
## BREACH OF IMPLIED WARRANTY

29.     RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 27 with the same force and effect as if repeated herein in their entirety.

30.     By reason of the foregoing, if Plaintiff sustained any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint due to a breach of any of the aforesaid express representations or warranties (all of which is expressly denied), all of which is expressly denied, said damages were a direct and proximate consequence of the acts and/or the omissions of Third-Party Defendants in connection with their aforesaid business activities, for which Third-Party Defendants are liable.  (*See* Ex. 1).

362142.1

## COUNT FIVE:
## NEGLIGENCE

31.     RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 29 with the same force and effect as if repeated herein in their entirety.

32.     Third-Party Defendants had a duty to the general public, including Plaintiff and RIENZI, to exercise due care in connection with their aforesaid business so as to protect against the reasonable risk of any foreseeable injury which could result from their use.

33.     If Plaintiff sustained any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint due to any negligent, careless or reckless conduct with respect to a condition of the Vessel, all of which is specifically denied, said damages were a direct and proximate consequence of the negligence, carelessness and recklessness of Third-Party Defendants in connection with their aforesaid business activities, for which Third-Party Defendants are liable in tort.  (*See* Ex. 1).

## FED. R. CIV. P. 14(C) TENDER

34.     RIENZI repeats and realleges each and every allegation set forth above in paragraphs 1 through 32 with the same force and effect as if repeated herein in their entirety.

35.     By reason of the foregoing, Third-Party Defendants are necessary and proper parties to this action and any liability herein should be borne by said Third-Party Defendants and not by RIENZI, and said Third-Party Defendants should be proceeded against herein so that this Court may in one proceeding adjudicate the rights and liabilities of the respective parties.

36.     Therefore, and in accordance with Rule 14(c) of the Federal Rules of Civil Procedure, RIENZI hereby tenders Third-Party Defendants directly to Plaintiff as a party that is wholly or partially liable to Plaintiff for Plaintiff's aforesaid damages as alleged in Plaintiff's

362142.1

Complaint and hereby demands that Third-Party Defendants respond directly to Plaintiff's Complaint as original defendants in this proceeding.

37.     Moreover, if RIENZI is held liable to Plaintiff for any of Plaintiff's aforesaid damages as alleged in Plaintiff's Complaint, whether by judgment or settlement, RIENZI is entitled to indemnity and/or contribution from Third-Party Defendants, jointly and severally, including the attorneys' fees and costs incurred by RIENZI in the defense of said claim, whether in the instant action or in any other proceeding.

38.     This Third-Party Complaint is filed by RIENZI without prejudice to, or waiver of, any of its defenses to Plaintiff's Complaint, whether asserted or to be asserted, including but not limited to the failure to state a claim, the failure to mitigate damages, contributory, comparative or operational negligence, the *Walker* Doctrine, and any other affirmative defense asserted or to be asserted against Plaintiff by RIENZI.

39.     RIENZI reserves the right to amend this Third-Party Complaint.

**WHEREFORE**, Third-Party Plaintiff RIENZI prays:

a.     that process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against Third-Defendants, citing Third-Party Defendants to appear and answer under oath all and singular matters set forth above and in the Complaint of Plaintiff, pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, failing which a default will be taken against it;

b.     that Judgment be entered against Third-Party Defendants in favor of Plaintiff pursuant to Rule 14(c) of the Federal Rules of Civil Procedure for all and singular matters set forth above and in the Complaint of Plaintiff,

362142.1

should Plaintiff prove entitled to recovery, and Third Party Plaintiff be granted indemnity and/or contribution from Third-Party Defendants for the entire amount or any amount for which Third Party Plaintiff may be found liable to Plaintiff, plus costs and attorney's fees thereby incurred;

c.  that Judgment be entered against Third-Party Defendants in favor of Third-Party Plaintiff for all amounts claimed together with interest, costs and disbursements;

d.  that Third-Party Plaintiff be awarded all of its costs and attorney's fees in connection with filing and prosecution of this Third-Party Complaint; and

e.  that Third-Party Plaintiff be granted such other and further relief as may be deemed just and proper.

Dated: New York, New York
January 7, 2011

Respectfully submitted,

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant and Third-Party Plaintiff
RIENZI & SONS, INC.

By: _____
John F. Karpousis
Susan Lee
80 Pine Street
New York, New York 10005
(212) 425-1900
(212) 425-1901 (fax)

362142.1

11

Exhibit 1

HOFMANN & ASSOCIATES
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840

**09      4253**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x

KELLY M. LYONS,

                Plaintiff,

       -against-

RIENZI & SONS, INC.,

                Defendant.

-------------------------------------------------x

**COMPLAINT**
**CIVIL AND ADMIRALTY**

WEINSTEIN, J.
AZRACK, M.J.

<u>Jury Trial Demanded</u>

      Plaintiff, Kelly M. Lyons, makes claim against the defendant for damages upon

the following causes of action:

<u>FIRST CAUSE OF ACTION</u>

1.     Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46

      U.S.C.§ 30104.

2.     Defendant Rienzi & Sons, Inc. ("Rienzi") is a corporation duly organized and

      existing under and by virtue of the laws of the State of New York, which does

      business in the State of New York, with a principal place of business in Queens,

      New York.

3.     The jurisdiction of this Court over this First Cause of Action arises under and by

      virtue of the Jones Act, 46 U.S.C., § 30104 et seq., the General Maritime Law

      and the Admiralty jurisdiction of the United States under 28 U.S.C. § 1333.

      Nothing in these jurisdictional allegations is to be construed as a waiver of the

plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor

of the right to have all of the claims asserted herein tried to a jury, at plaintiff's

option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S.

16 (1963).

4.      On August 31, 2008, and at all times material hereto defendant owned the

MOTOR YACHT 'BRIANNA' ("M/Y BRIANNA"), a vessel in navigation in

the navigable waters of the United States.

5.      On August 31, 2008, and at all times material hereto defendant operated the M/Y

BRIANNA, a vessel in navigation in the navigable waters of the United States.

6.      On August 31, 2008, and at all times material hereto defendant possessed the

M/Y BRIANNA, a vessel in navigation in the navigable waters of the United

States.

7.      On August 31, 2008, and at all times material hereto defendant managed the M/Y

BRIANNA, a vessel in navigation in the navigable waters of the United States.

8.      On August 31, 2008, and at all times material hereto defendant controlled the

M/Y BRIANNA, a vessel in navigation in the navigable waters of the United

States.

9.      On August 31, 2008, and at all times material hereto defendant  was the bareboat

charterer, and/or was the owner <u>pro hac vice</u> of the M/Y BRIANNA in coastwise,

inter-coastal and foreign commerce.

10.     The vessel, M/Y BRIANNA, presently is, or  during the pendency of this action,

will be within the Federal Judicial District in which this action has been

commenced.

11.    On or about August 31, 2008,  and at all times mentioned herein, plaintiff was in

the employ of the defendant as a member of the crew of the M/Y BRIANNA in

the capacity of Captain at the rate of pay and for the term set forth in his

employment contract, plus bonus, found and overtime.

12.    On or about August 31, 2008 while the vessel was in navigable waters, plaintiff,

in the course of his employment, pursuant to orders and while in the performance

of his duties, because of the unsafe and unseaworthy condition of the vessel and

the negligence of the defendant, was caused to sustain the serious injuries more

specifically set forth hereunder, when he slipped and fell on one of the decks of

the vessel.

13.    Plaintiff's injuries were caused by negligence of the defendant by its agents,

servants, workmen and employees and by the unseaworthiness of the vessel, and

by defendant's breach of its obligation to provide prompt and adequate medical

care, treatment, maintenance and cure.

14.    Solely by reason of the negligence of the defendant, and the unseaworthiness of

the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels

and ligaments were severely wrenched, sprained, bruised and otherwise injured;

he sustained torn rotator cuff of the right shoulder and a tear of the labrum

thereof; he has been caused to suffer from a condition by the medical name of

Complex Regional Pain Syndrome (CRPS) which is also known as Reflex

Sympathetic Dystrophy (RSD); he sustained internal injuries, the full extent of

3

which is not yet known, he sustained severe injury and shock to his nerves and

nervous system; he has in the past required and will in the future require medical

treatment, care and attention; he has in the past been and will in the future be

obliged to expend monies and incur obligations for medical care and attention; he

has in the past suffered and will in the future continue to suffer agonizing aches,

pains and mental anguish; he has in the past been, presently is, and will in the

future, continue to be disabled from performing his usual duties, occupations and

avocations.

15.  By reason of the foregoing, plaintiff claims damages in an amount to be

determined by the trier of fact.

SECOND CAUSE OF ACTION

Plaintiff claims of the defendant, maintenance and cure and wages, punitive

damages and attorneys fees in such amount as may be determined by the Court upon the

following cause of action:

16.  Plaintiff repeats and realleges each and every allegation contained in the

foregoing paragraphs of this Complaint with the same force and effect as if fully

set forth and repeated herein.

17.  The jurisdiction of this Court over this second cause of action arises under and by

virtue of the Admiralty jurisdiction of the District Courts of the United States.

18.  As a seaman, plaintiff is entitled to maintenance and cure as a result of injuries

he suffered on August 31, 2008.

19.  All cure and maintenance to which plaintiff was entitled has not been provided to

4

plaintiff.

20.     Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance

and cure which is unpaid. Plaintiff, by virtue of his service upon the said vessel,

claims maintenance, cure and wages and punitive and exemplary damages and

attorneys fees in an amount which the Court shall deem just and proper upon the

trial of this cause.

21.     All and singular, the premises contained in the second cause of action are true

and within the Admiralty and Maritime jurisdiction of the United States and this

Honorable Court.

       WHEREFORE, plaintiff prays that judgment be entered against the defendants

for damages in an amount to be determined as reasonable by the trier of fact, and for

such maintenance, cure and wages and other damages to which the Court finds plaintiff

is entitled, and for such interest, costs and counsel fees as the Court may deem just and

proper.

DATED: New York New York             HOFMANN & ASSOCIATES
        September 30, 2009            Attorneys for Plaintiff

                                     By _____
                                        Paul T. Hofmann (PH 1356)
                                        360 West 31st Street, Suite 1506
                                        New York, New York  10001
                                        Tel: 212-465-8840

5

HOFMANN & ASSOCIATES
Attorneys for Plaintiff
360 West 31st Street, Suite 1506
New York, NY 10001-2727
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

KELLY M. LYONS,

               Plaintiff,          VERIFICATION

    -against-

RIENZI & SONS, INC.,

               Defendant.
------------------------------------------------------x

STATE OF NEW YORK    )
                        )ss.
COUNTY OF NEW YORK  )

      BEFORE ME, the undersigned authority, personally appeared Kelly Lyons,

plaintiff, who was duly sworn and says that he is the plaintiff herein, that he has read the

foregoing complaint and is familiar with its contents, which are true to the best of his

information and belief.

                                _____
                                   Kelly Lyons

Sworn to before me this
30th day of September, 2009

_____
Notary Public

GERARD HARRINGTON
Notary Public, State of New York
No. 01HA8102369
Qualified in New York County
Commission Expires Dec. 8, 20 11

JS 44 (Rev. 11/04)          U9  42  cv 3  CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Kelly M. Lyons

**DEFENDANTS**
Rienzi & Sons, Inc.

**(b)** County of Residence of First Listed Plaintiff     Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hoffmann & Associates
360 West 31st Street, Suite 1506
New York, NY 10001, 212-465-8840

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

AZRACK, M.J.

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
46 U.S.C. § 30104
Brief description of cause:
Jones Act Negligence Action

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   9/30/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ARBITRATION CERTIFICATION

I, _Paul T. Hofmann_____, counsel for _Kelly Lyons_____   _____ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.
_____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:
_N/A_____

### Please refer to NY-E Division of Business Rule 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: _No_____

2.) If you answered "no" above:

     a.)  Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? _no_____

     b.)  Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? _yes_____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

     (Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes_____✓_____                                    No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)                    No___✓____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** _PH1356_____

**E-MAIL Address:** _Paulhofmann@hofmannlawfirm.com_____

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____

4253
JBW/JMA

Exhibit 2

254-09/JFK

FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant Rienzi & Sons, Inc.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 (fax)
John F. Karpousis

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KELLY M. LYONS,

                         Plaintiff,

     -against-

RIENZI & SONS, INC.,

                         Defendant.

-------------------------------------------------------x

**09-cv-4253 (JBW) (JMA)**

**ANSWER**

     Defendant, Rienzi & Sons, Inc., by their attorneys, Freehill, Hogan & Mahar, LLP, as and for its Answer to Plaintiff's Complaint, respectfully alleges:

## **FIRST CAUSE OF ACTION**

     FIRST:       Answering Defendant denies each and every allegation set forth in paragraphs numbered "12," "13," and "14" of Plaintiff's Complaint.

     SECOND:     Answering Defendant denies knowledge and information sufficient to form a belief as to each and every allegation set forth in paragraphs numbered "1," "3," "4," "5," "6," "7," "8," "9," "10," "11,"and "15" of Plaintiff's Complaint.

     THIRD:       Answering Defendant admits the truth of each and every allegation set forth in paragraph numbered "2" of Plaintiff's Complaint.

NYDOCS1/339800.1

## SECOND CAUSE OF ACTION

FOURTH:     Answering Defendant repeats and reiterates each and every denial hereinbefore made with the same force and effect as though the same were set forth at length herein in answer to paragraph number "16" of Plaintiff's Complaint.

FIFTH:     Answering Defendant denies each and every allegation set forth in paragraphs numbered "17," "18," "19," "20," and "21" of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's injuries in whole or in part were caused by his own negligence and any damages awarded against Defendant Rienzi & Sons, Inc., should be reduced to the extent that Plaintiff's negligence caused his injuries.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, were caused by the negligence on the part of persons or entities, for whom Defendant Rienzi & Sons, Inc. is not responsible.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and/or illnesses to Plaintiff, if any, arose out of certain risks, dangers and hazards, all of which were open, obvious and well-known to Plaintiff at and before the said

NYDOCS1/339800.1                    2

injuries and/or illnesses were sustained and all of said risks, dangers, and hazards had been assumed by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not injured by Defendant Rienzi & Sons, Inc. in the capacity of a vessel owner.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Rienzi & Sons, Inc. incorporates by reference any applicable Defense asserted by any other Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff received any injuries and/or illnesses as alleged in the complaint, said injuries and/or illnesses were caused in whole or in part by Plaintiff's own failure to perform the duties assumed as a term of his employment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not a seaman as that term is defined under the Jones Act.

### NINTH AFFIRMATIVE DEFENSE

Defendant Rienzi & Sons, Inc. is not Plaintiff's Jones Act employer.

NYDOCS1/339800.1

3

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recovery under the doctrine of unseaworthiness; in any event, Plaintiff's alleged injuries were not caused by an unseaworthy condition, for which Defendant Rienzi & Sons, Inc. can be held responsible under the Jones Act or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the primary duty doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's conduct did not give rise to Plaintiff's entitlement to punitive damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant's have paid maintenance and cure and owe Plaintiff no further maintenance and cure.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has achieved maximum medical improvement.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is owed no further maintenance and is fit for full duty.

**SEVENTEEN AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to exemplary damages as a matter of law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant's conduct did not give rise to Plaintiff's entitlement to exemplary damages or attorneys fees.

**WHEREFORE**, Defendant Rienzi & Sons, Inc. demands judgment dismissing Plaintiff's Complaint herein, together with the costs and disbursements of this action.

Dated:      New York, New York
            November 4, 2009

                                    Respectfully submitted,

                                    FREEHILL HOGAN & MAHAR, LLP
                                    Attorneys for Defendant Rienzi & Sons, Inc.


                        By:         _____
                                    John F. Karpousis
                                    80 Pine Street
                                    New York, New York 10005
                                    (212) 425-1900
                                    (212) 425-1901 (fax)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
KELLY M. LYONS,

                                    Plaintiff,                    **09-cv-4253 (JBW) (JMA)**

        -against-                                                 <u>**CERTIFICATE OF SERVICE**</u>

RIENZI & SONS, INC.,

                                    Defendant.
------------------------------------------------------x
State of New York     )
                      ) ss.:
County of New York  )

        I hereby certify that on November 4, 2009, the foregoing document was filed with the

Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or

the Eastern District's Local Rules, and/or the Eastern District's Rules of Electronic Service upon

the following parties and participants:

        <u>**By cm/ECF and By First Class Mail**</u>
        Hofmann & Associates
        *Attorneys for Plaintiff*
        360 West 31st Street, Suite 1506
        New York, NY  10001-2727
        Attn: Paul T. Hofmann, Esq. (PH 1356)


        FREEHILL HOGAN & MAHAR, LLP
        Attorneys for Defendant Rienzi & Sons, Inc.



        By: _____
                John F. Karpousis
                80 Pine Street
                New York, New York 10005
                (212) 425-1900
                (212) 425-1901 (fax)

## CERTIFICATE OF SERVICE

State of New York      )
                         ) ss.:
County of New York  )

I hereby certify that on January 7, 2011, the foregoing document was filed with the Clerk

of the Court and served in accordance with the Federal Rules of Civil Procedure and/or the Local

Civil Rules and/or Rules of Electronic Service of United States District Court for the Eastern

District of New York, upon the following parties and participants:

**By cm/ECF and First Class Mail**
HOFMANN & SCHWEITZER
*Attorneys for Plaintiff*
360 W. 31st St., Suite 1506
New York, NY  10001
Attn: Paul T. Hofmann, Esq.

By: _____
        John F. Karpousis, Esq.
        FREEHILL HOGAN & MAHAR, LLP
        80 Pine Street
        New York, NY 10005

12

362142.1