UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY M. LYONS, <br><br>             Plaintiff, <br><br>    – against – <br><br> RIENZI & SONS, INC., <br><br>             Defendant. | **ORDER ON MOTIONS FOR RECONSIDERATION** <br><br> 09-CV-4253 |
| RIENZI & SONS, INC., <br><br>             Third-Party Plaintiff, <br><br>    – against – <br><br> STATEN ISLAND YACHT SALES, INC., GENMAR YACHT GROUP LLC, f/d/b/a CARVER BOAT CORPORATION LLC, MARQUIS YACHTS, LLC, DONALD L. BLOUNT & ASSOCIATES, NUVOLARI-LENARD NAVAL DESIGN, and DOES 1 through 5, <br><br>             Third-Party Defendants. | |

JACK B. WEINSTEIN, Senior United States District Judge:

    A.    **Dismissal of Nuvolari as a Third-Party Defendant**

Plaintiff Kelly Lyons has asked the court to reconsider, pursuant to Federal Rule of Civil Procedure 60(b), its recent order dismissing Lyons' claims against third-party defendant Nuvolari-Lenard S.R.L., sued here as Nuvolari-Lenard Naval Design, for lack of personal jurisdiction. *See* Memorandum and Order, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Apr. 11, 2012), CM/ECF No. 133. Lyons argues that the court should have transferred his claims against the third-party defendant to the United States District Court for the

1

Southern District of Florida pursuant to 28 U.S.C. § 1631 rather than dismissing them for lack of personal jurisdiction. That statute gives a district court the power to transfer a case to "any other such court in which the action or appeal could have been brought at the time it was filed" if doing so "is in the interest of justice."

"Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005). "A compelling reason for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." *Id.* (internal quotation marks omitted).

"Even in such circumstances, however, courts will not 'waste judicial resources by transferring a case that is clearly doomed.'" *Id.* at 436 (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (Posner, C.J.)). A "court's limited jurisdiction to decide whether to transfer or dismiss a case over which it lacks jurisdiction thus includes a power of limited review of the merits. *If a peek at the merits reveals that the case is a sure loser* in the court that has jurisdiction . . . over it, then *the court* in which it is initially filed—the court that does not have jurisdiction—*should dismiss* the case rather than waste the time of another court." *Id.* (internal quotation marks and citation omitted) (emphasis added).

Lyons' case against Nuvolari appears to be of little merit; Lyons did not even originally seek relief from Nuvolari. *See* Complaint, *Lyons v. Rienzi & Sons, Inc.*, No. 09-CV-4253 (E.D.N.Y. Oct. 2, 2009), CM/ECF No. 1. The vessel on which Lyons allegedly slipped appears to have been designed properly; no reasonable juror could find to the contrary against the designer.

Nuvolari would be forced to incur serious costs, to the detriment of its business and its employees, were it forced to defend in Florida this long-ongoing action. The respite of

defendants, as well as the interests of plaintiffs in the award of relief to remedy alleged wrongs, is also an interest worthy of judicial consideration. Transfer to a district court in Florida would not be in the interest of justice.

Lyons' argument made pursuant to Federal Rule of Civil Procedure 4(k)(2) does not provide a substantial basis for reconsideration.

Lyons' motion for reconsideration of the memorandum and order dismissing Nuvolari as a third-party defendant is denied.

### B. Dismissal of Staten Island Yacht Sales and Carver Boat Corporation

Both Lyons and third-party plaintiff Rienzi & Sons, Inc. ("Rienzi") have sought reconsideration of a portion of the court's recent memorandum and order granting summary judgment to third-party defendant Marquis Yachts, LLC. *See* Memorandum and Order, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Apr. 12, 2012), CM/ECF No. 134. Lyons and Rienzi ask the court to reconsider its *sua sponte* dismissal of Staten Island Yacht Sales, Inc. ("Staten Island") and Carver Boat Corporation LLC ("Carver") as third-party defendants, *see id.* at 22; they argue that they should have been given notice and the opportunity to be heard before the dismissal.

Based on papers submitted and oral argument of April 10, 2012, the court assumed that the parties conceded that Staten Island had nothing to do with the dispute. It erroneously assumed that the parties had impliedly consented to the dismissal of Staten Island as a third-party defendant. It was also assumed that any claims against Carver were properly asserted against third-party defendant Genmar Yacht Group, LLC ("Genmar"), since it appears from the record—including the third-party complaint itself—that Genmar formerly did business under Carver's name.

Staten Island and Carver are hereby reinstated as third-party defendants. Both Lyons and Rienzi should be prepared, before trial commences, to provide reasons that their claims against Staten Island and Carver should be presented to the jury.

SO ORDERED.

_Jack B. Weinstein_
Jack B. Weinstein
Senior United States District Judge

Dated: April 17, 2012
　　　　Brooklyn, New York