

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  APR 2 3 2012  ★

BROOKLYN OFFICE

---

KELLY M. LYONS,

                    Plaintiff,

           – against –

RIENZI & SONS, INC.,

                    Defendant.

**AMENDED
MEMORANDUM
AND ORDER**

09-CV-4253

---

RIENZI & SONS, INC.,

                    Third-Party Plaintiff,

           – against –

STATEN ISLAND YACHT SALES, INC.,
GENMAR YACHT GROUP LLC, f/d/b/a CARVER
BOAT CORPORATION LLC, MARQUIS
YACHTS, LLC, CARVER BOAT CORPORATION
LLC, DONALD L. BLOUNT & ASSOCIATES,
NUVOLARI-LENARD NAVAL DESIGN, and
DOES 1 through 5,

                    Third-Party Defendants.

---

**Appearances:**

For the Plaintiff:

Paul T. Hofmann
Hofmann & Schweitzer
New York, NY

For the Third-Party Plaintiff:

John F. Karpousis
Susan Lee
Freehill Hogan & Mahar LLP
New York, NY

1



For Third-Party Defendant Nuvolari-Lenard S.R.L.:

Christopher R. Nolan
K. Blythe Daly
Holland & Knight LLP
New York, NY

## Table of Contents

I.    Introduction and Summary of Procedural History ................................................................2

II.   Facts ....................................................................................................................................4

III.  Law .....................................................................................................................................5

   A.    Rule 12(b)(2) Standard After Jurisdictional Discovery ...............................................5

   B.    Personal Jurisdiction Analysis Pursuant to Forum Law...............................................5

      1.    General Jurisdiction—New York CPLR § 301 ......................................................6

      2.    Long-Arm Statute and Specific Jurisdiction—New York CPLR § 302 .................6

      3.    Due Process Requirements ....................................................................................8

   C.    Rule 4(k)(2) of the Federal Rules of Civil Procedure ..................................................9

IV.   Application of Law to Facts..............................................................................................10

   A.    New York Long-Arm Statute and Due Process Clause ..............................................10

   B.    Rule 4(k)(2) of the Federal Rules of Civil Procedure ................................................12

V.    Conclusion ........................................................................................................................12

**JACK B. WEINSTEIN, Senior United States District Judge:**

## I.    Introduction and Summary of Procedural History

A yacht designer, resident abroad, whose work was done in Europe, was sued after a seafarer was injured on a vessel, allegedly because of faulty naval architecture. It asserts lack of personal jurisdiction. As indicated below, there is no personal jurisdiction. It should also be noted that the movant's mere possession of an account on Facebook is not, in the context of this case, a sufficient predicate for hauling it into a court in New York.

This memorandum and order should be read in conjunction with the memorandum and order to be filed shortly granting summary judgment in favor of third-party defendant Marquis Yachts, LLC ("Marquis").

Kelly Lyons sued defendant Rienzi & Sons, Inc. ("Rienzi"). He alleged that he was employed by Rienzi as the captain (and sole crew member) of a 65-foot yacht—the *Brianna*—owned by defendant, and that, in August 2008, he was injured after slipping and falling while working aboard the vessel. He claims that his injuries were caused by Rienzi's negligence in providing a slippery deck surface. *See generally* Complaint, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Oct. 2, 2009), CM/ECF No. 1.

Rienzi later brought a third-party complaint, pursuant to Rule 14 of the Federal Rules of Civil Procedure, against the manufacturer of the *Brianna* and its putative successor, an intermediate seller, and the designer of the yacht, third-party defendant and present movant Nuvolari-Lenard S.R.L. ("Nuvolari"), who Rienzi sued as Nuvolari-Lenard Naval Design. Asserting various claims against Nuvolari in its third-party complaint, Rienzi contended that if it were held liable to Lyons, the third-party defendants, including Nuvolari, should contribute to any judgment or indemnify it entirely. *See* Third-Party Complaint, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Jan. 7, 2011), CM/ECF No. 14. Lyons, the original plaintiff, then brought his own claims against the third-party defendants pursuant to Rule 14(a)(3) of the Federal Rules of Civil Procedure. *See* Plaintiff's Rule 14(a) Claims Against Third-Party Defendants, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. June 10, 2011), CM/ECF No. 42.

In November 2011, Nuvolari filed a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that Lyons and Rienzi's claims against it should be dismissed for lack of personal jurisdiction. Opposing, Lyons and Rienzi contended that they were entitled to jurisdictional discovery. Jurisdictional discovery was completed in March 2012. Nuvolari has now renewed its motion to dismiss. For the reasons stated below, the motion is granted.

3

## II.  Facts

Nuvolari was founded in 1992 by Carlo Nuvolari-Duodo and Dan Lenard.  It remains a small company; Nuvolari has six full-time employees and four who work part-time.  *See* Supp. Decl. of Carlo Nuvolari-Duodo in Support of Renewed Motion to Dismiss for Lack of Personal Jurisdiction ("Nuvolari-Duodo Supp. Decl.") ¶ 6, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Mar. 12, 2012), CM/ECF No. 109.  All of Nuvolari's design work is carried out at its Italian design center, where the company has a single mailing address.  Its telephone and fax numbers allow it to be contacted only in Italy.  *See id.* ¶¶ 7-8.  The company's website was created in Italy and is updated there; consumers cannot purchase or request the provision of services through the website.  *See id.* ¶ 9.  Nuvolari has not sought authorization to do business in—and is not registered to do business in—any state in the United States.  *See id.* ¶ 11.  The company does not retain bank accounts or agents in this country.  *See id.* ¶ 10.  The company does maintain, however, a Facebook page; it can be accessed by United States users of the site. *See* Ex. 26 to Affirmation of Susan Lee in Opposition to Motion to Dismiss Filed by Nuvolari-Lenard S.R.L., Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Mar. 26, 2012), CM/ECF No. 123-6.

Nuvolari-Duodo and Lenard have traveled to the United States numerous times on the company's behalf.  Most of these trips were taken for the purpose of attending boat shows in Florida.  *See* Nuvolari-Duodo Supp. Decl. ¶¶ 31-32.  Many of the others were taken for the purpose of reviewing the construction in Wisconsin of vessels, designed by Nuvolari, for third-party defendants Carver Boat Corporation LLC ("Carver") and Marquis.  *See id.* ¶ 33.  Carver later changed its name to Genmar Yacht Group LLC ("Genmar"); Genmar has been named as a third-party defendant in this case.

In February 2002, Nuvolari agreed to provide yacht designs to Carver in exchange for royalty payments. *See id.* ¶¶ 13, 15. Nuvolari-Duodo, the company's CEO and senior partner, signed an agreement to that effect in Italy. *See id.* ¶ 14. Over the last eight years, its earnings only from yachts it designed that were manufactured in shipyards in Wisconsin amounted to approximately $9 million. *See* April 10, 2012 Hr'g Tr. 4. Nuvolari appears to have received some $30,000 for the design of the *Brianna*, which was designed in Italy, manufactured in Wisconsin, and ultimately transported to New York, where it was sold to Rienzi in that state by third-party defendant Staten Island Yacht Sales, Inc. *See* Affirmation of Susan Lee in Opposition to Motion to Dismiss Filed by Nuvolari-Lenard S.R.L. ("Lee Aff.") ¶¶ 8-9, 35-36, Lyons v. Rienzi & Sons, Inc., No. 09-CV-4253 (E.D.N.Y. Mar. 26, 2012), CM/ECF No. 122.

## III. Law

### A. Rule 12(b)(2) Standard After Jurisdictional Discovery

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996). "Before discovery, a plaintiff may defeat such a motion with legally sufficient allegations of jurisdiction. Where the parties have conducted jurisdictional discovery but have not held an evidentiary hearing, the plaintiff must allege facts that, if credited, would suffice to establish jurisdiction over the defendant." *Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1025 (2d Cir. 1997) (citation, ellipses, and internal quotation marks omitted). *But see Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (stating that "[s]ince the district court allowed the parties to conduct discovery on the jurisdictional issue, [plaintiff] bears the burden of proving by a preponderance of the evidence that personal jurisdiction exists").

### B. Personal Jurisdiction Analysis Pursuant to Forum Law

5

"District courts resolving issues of personal jurisdiction must engage in a two-part

analysis." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)

(internal quotation marks and ellipses omitted). "First, a district court must determine whether,

under the laws of the forum state . . . , there is jurisdiction over the defendant. Second, it must

determine whether an exercise of jurisdiction under these laws is consistent with federal due

process requirements." *Id.* (citation, internal quotation marks, and bracketing omitted); *see, e.g.,*

*Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).

### 1.  General Jurisdiction—New York CPLR § 301

"Under New York law, a foreign corporation is subject to general personal jurisdiction in

New York if it is 'doing business' in the state." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d

88, 95 (2d Cir. 2000) (citing N.Y.C.P.L.R. § 301). "A corporation is 'doing business' and is

therefore 'present' in New York and subject to personal jurisdiction with respect to any cause of

action, related or unrelated to the New York contacts, if it does business in New York not

occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (internal

quotation marks and bracketing omitted). "In order to establish that this standard is met, a

plaintiff must show that a defendant engaged in continuous, permanent, and substantial activity

in New York." *Id.* (internal quotation marks omitted).

### 2.  Long-Arm Statute and Specific Jurisdiction—New York CPLR § 302

New York's long-arm statute, allowing in limited instances for the exercise of personal

jurisdiction over nondomiciliaries whose actions have a substantial impact within the state—if

the claim asserted is based upon that conduct—provides in relevant part that:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from
> any of the acts enumerated in this section, a court may exercise personal
> jurisdiction over any non-domiciliary . . . who in person or through an agent:

6

> (1) transacts any business within the state or contracts anywhere to supply goods or services within the state; or
>
> (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
>
> (3) commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>
> (i) regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . . .

N.Y.C.P.L.R. § 302(a).

"New York courts evaluating . . . jurisdiction under section 302(a)(1) look to both the language of the statute and the relation between the alleged conduct and the cause of action. To determine the existence of jurisdiction under section 302(a)(1), a court must decide (1) whether the defendant transacts any business in New York and, if so, (2) whether th[e] cause of action arises from such a business transaction." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal quotation marks and bracketing omitted). "Courts look to the totality of the defendant's activities within the forum to determine whether a defendant has transacted business in such a way that it constitutes purposeful activity satisfying the first part of the test." *Id.* (internal quotation marks, citation, and bracketing omitted). "As for the second part of the test, a suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." *Id.* (internal quotation marks and bracketing omitted).

The ambit of section 302(a)(2) is more limited. It "reaches only tortious acts performed by a defendant who was physically present in New York when he performed the wrongful act." *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997).

7

Section 302(a)(3) allows for "a nondomiciliary who 'commits a tortious act without the state causing injury . . . within the state' [to] be brought before a New York court to answer for his conduct if he has had sufficient economic contact with the State or an active interest in interstate or international commerce coupled with a reasonable expectation that the tortious conduct in question could have consequences within the State." *McGowan v. Smith*, 419 N.E.2d 321, 323-24 (N.Y. 1981) (quoting N.Y.C.P.L.R. § 302(a)(3)).

### 3. Due Process Requirements

If the court concludes that the exercise of personal jurisdiction is authorized by state law, it must next be determined whether the exercise of jurisdiction over a given defendant would comport with the constitutional guarantee of due process. (The due process inquiry is of especial utility when the putative lack of personal jurisdiction is raised as a defense in a case brought in New York, since the state's "long-arm statute does not extend in all respects to the constitutional limits established by *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, No. 10-CV-1306, 2012 WL 688809, at *5 (2d Cir. Mar. 5, 2012) (parallel citation omitted)).

"The required due process inquiry . . . has two parts: whether a defendant has minimum contacts with the forum state and whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice—that is[,] whether the exercise of jurisdiction is reasonable under the circumstances of a particular case." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 99 (2d Cir. 2000) (internal quotation marks, bracketing, and ellipses omitted).

In undertaking the minimum-contacts analysis, courts are to remember that, "'it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and

8

protections of its laws.' Such purposeful conduct provides a defendant with fair warning that he and his property may be subject to the exercise of that forum state's power." *Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 84-85 (2d Cir. 1995) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)) (additional internal quotation marks, emphases, and explanatory parenthetical omitted). "The principal inquiry . . . is whether the defendant's activities manifest an intention to submit itself to the power of a sovereign. . . . [A]s a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (plurality opinion); *see also* Jonathan M. Hoffman, *Personal Jurisdiction After* Nicastro *and* Goodyear*: Where Do We Stand Now?*, 40 Products Safety & Liability Reporter 418, 420-22 (Apr. 9, 2012).

The determination of whether the exercise of jurisdiction is reasonable "will depend on an evaluation of several factors. A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987) (internal quotation marks omitted); *see also Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164-65 (2d Cir. 2010) (discussing factors to be considered during the course of the reasonableness analysis).

## C. Rule 4(k)(2) of the Federal Rules of Civil Procedure

Rule 4(k)(2) of the Federal Rules of Civil Procedure provides that:

(2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

9

> (A) the defendant is not subject to jurisdiction in any state's courts of general
> jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and
> laws.

Fed. R. Civ. P. 4(k)(2) (emphases omitted).

"Under this provision, a defendant sued under federal law may be subject to jurisdiction

based on its contacts with the United States as a whole, *when the defendant is not subject to*

*personal jurisdiction in any state*.  Rule 4(k)(2) confers personal jurisdiction over a defendant so

long as the exercise of jurisdiction comports with the Due Process Clause of the Fifth

Amendment." *Dardana Ltd. v. A.O. Yuganskneftegaz*, 317 F.3d 202, 207 (2d Cir. 2003)

(emphasis added).

"Rule 4(k)(2) . . . allows the exercise of personal jurisdiction by a federal district court

when three requirements are met: (1) the claim must arise under federal law; (2) the defendant

must not be subject to jurisdiction in any state's courts of general jurisdiction; and (3) the

exercise of jurisdiction must be consistent with the United States Constitution and laws." *Porina*

*v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127 (2d Cir. 2008) (internal quotation marks

omitted).

## IV.    Application of Law to Facts

Nuvolari's motion to dismiss for lack of personal jurisdiction is granted.

### A.  New York Long-Arm Statute and Due Process Clause

The exercise of personal jurisdiction on a theory of general jurisdiction is inappropriate.

*See* N.Y.C.P.L.R. § 301.  Nuvolari does not engage in systematic and continuous activity in New

York. *See* Nuvolari-Duodo Supp. Decl. ¶¶ 7-11.  The company's Facebook page—admittedly

accessible to that site's users in New York—does not compel a different conclusion with respect

to general jurisdiction.

10

Most of the provisions of New York's long-arm statute do not provide even a colorable basis for the exercise of personal jurisdiction over Nuvolari. Section 302(a)(1) does not allow for the exercise of personal jurisdiction, since the company did not transact any business in New York. The *Brianna* was designed in Italy, and Nuvolari's CEO and senior partner signed the relevant design agreement in that country. *See* Nuvolari-Duodo Supp. Decl. ¶¶ 7, 13. There is no suggestion that Nuvolari entered into a contract to supply goods or services in New York, or that it contemplated doing so. *See* N.Y.C.P.L.R. § 302(a)(1). And there is no indication that Carver or Genmar acted as Nuvolari's agent in New York.

Nor can personal jurisdiction be premised on either Section 302(a)(2) or 302(a)(3)(ii). The former section is unavailing because any tortious act or failure to act on Nuvolari's part took place in Italy, where the boat was designed. Conduct occurring outside of New York cannot be the basis for the exercise of personal jurisdiction under that portion of the statute. *See Bensusan Rest. Corp. v. King*, 126 F.3d 25, 28 (2d Cir. 1997). And the latter section does not provide a basis for the exercise of personal jurisdiction; Nuvolari had no reason to think that provision of a design or design advice to a yacht manufacturer whose principal place of business was outside of New York would have consequences in this state. *See* N.Y.C.P.L.R. § 302(a)(3)(ii). The court takes judicial notice of the fact that vessels manufactured in Wisconsin—as was the *Brianna*— can have access to the seven seas without passing through New York.

And even assuming without deciding that the exercise of personal jurisdiction over Nuvolari would be appropriate under Section 302(a)(3)(i)—based on the allegation that Nuvolari received some $30,000 for its design of the *Brianna*, *see* Lee Aff. ¶ 36—the constitutional guarantee of due process prohibits the exercise of personal jurisdiction on that basis. (The derivation of revenue by Nuvolari for the design of the vessel is the only basis that might suffice

11

to allow for the exercise of personal jurisdiction under the long-arm statute; Nuvolari did not regularly conduct business or solicit business in New York, or engage in a persistent course of conduct in the state. *See* Nuvolari-Duodo Supp. Decl. ¶ 7.) Due process bars the exercise of personal jurisdiction over Nuvolari since it did not take advantage of benefits provided by the State of New York, nor was it contemplated that it would do so. *See id.* ¶¶ 7-11; *see also, e.g., J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2788 (2011) (plurality opinion).

## B. Rule 4(k)(2) of the Federal Rules of Civil Procedure

The exercise of personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2) is inappropriate in this case. Based upon the present record, it appears that Nuvolari is subject to personal jurisdiction in Florida, since both of the company's founders have traveled to that state numerous times with the purpose of promoting the company's designs at boat shows. Nuvolari-Duodo Supp. Decl. ¶ 32; *see* Fla. Stat. Ann. § 48.193(2).

## V.   Conclusion

Nuvolari's motion to dismiss the claims of Lyons and Rienzi against it for lack of personal jurisdiction is granted. The result is not entirely satisfying to a plaintiff seeking relief in a liability suit based upon allegations of defects in a product designed, produced, and sold in different states and nations. *See, e.g.*, Paul Schiff Berman, *Global Legal Pluralism: A Jurisprudence of Law Beyond Borders* 324 (2012). But for the moment it is based upon applicable law in this state and nation.

Costs and disbursements to Nuvolari.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

12

Date:   April 23, 2012
        Brooklyn, New York

13